Upton *v.* Girdner.

JOSEPH UPTON *v.* GIRDNER & HARVY.

PLEADING AND PRACTICE. *Scire facias as against defaulting witnesses.* Judgment *nisi* was promptly taken by the complainant against a defaulting witness, and a *scire facias* was ordered to issue returnable to the next term of the court. The clerk and master failed to issue the *sci. fa.* as ordered. At the next term the complainant had the order for the issuance of the *sci. fa.* revived, and the *sci. fa.* was accordingly issued, and was made known. The defaulting witness demurred to the *sci. fa.* because it was not issued and tested at the term at which the judgment *nisi* was entered. *Held,* that the neglect to issue the *sci. fa.* was the neglect of the clerk and master, and not the neglect of the complainant, and that it did not operate to release the witness from liability. The demurrer was overruled. Case of *Kincaid* v. *Rogers,* 3 Sneed, 4, commented upon.

FROM MONROE.

Appeal from the Chancery Court.

No record found.

NICHOLSON, C. J., delivered the opinion of the court.

In this suit, pending in the Chancery Court at Madisonville, complainant applied to the clerk and master and procured the issuance of a subpœna requiring Michael Girdner, one of the defendants, to appear before the clerk and master on a specified day to give his deposition as a witness for complainant in the case of *Upton* v. *Girdner & Harvy.* The subpœna was duly served, but Girdner failed to attend. The clerk and master certified the fact to the court

at its next term, whereupon complainant moved for and obtained judgment *nisi* for $125 against Girdner, and also procured an order for the issuance of a *scire facias* to be made to Girdner, requiring him to appear at · the next term, June, 1873, and show cause why the judgment *nisi* should not be made absolute. The clerk and master failed to issue the *sci. fa.* as ordered, whereupon, at the ¡June term, 1873, an *alias sci. fa.* was ordered to be issued, returnable to the next term, December, 1873. An *alias sci. fa.* was accordingly issued, tested of the June term, 1873. This writ was made known to Girdner, and at the December term, 1873, he appeared and demurred to the *scire facias*, assigning as cause of demurrer that "the said *scire facias* is and was not issued and tested of the term at which the judgment *nisi* was entered, but at a subsequent term." The chancellor sustained the demurrer and dismissed the *scire facias*. Complainant has appealed. It is insisted here that the decree of the chancellor is supported by the decision in the case of *Kincaid* v. *Rogers,* 3 Sneed, 4. The forfeiture claimed in that case was for the failure of the witness to appear in court and give testimony according to subpœna. The decision rested upon the provision of the act of 1794, ch. 1, sec. 29, which contained this language, " but if on notice given by the court sufficient cause be not shown at the next succeeding term, after such failure, it shall and may be lawful on motion to grant judgment, etc. It was held that by necessary construction of this language, the *scire facias* must be tested of the term at which

the default happened, returnable to the next term. The court conceded that the construction given to the language was not free from objections. But the court said "it by no means followed that if *scire facias*, tested of the term at which the judgment *nisi* was entered, be not served, in consequence of which the witness in default cannot be legally required to show cause at the next succeeding term, that he is thereby discharged from liability to be further proceeded against." It was not intended, say the court, that if the plaintiff had caused *scire facias* to be issued and placed in the hands of an officer, in the time required by law, the failure of service of the process should have the effect of destroying his remedy. The principle laid down in the case was, that "the neglect of the party to cause *scire facias* to be issued, tested of the term at which the judgment *nisi* was entered, is in the nature of a discontinuance of the proceeding against the witness, and precludes him from further attempts afterward to enforce the forfeiture." If we concede that the construction given to the act of 1794 was correct, and that the true principle was deduced from that act and applied to the facts of the case then before the court, it does not follow that the same principle is to govern in the present case. In that case the neglect of the plaintiff in not causing *scire facias* to be issued, was taken as evidence of a discontinuance of his proceeding against the witness. The witness was summoned in 1843, made default in 1847, when judgment *nisi* was rendered, but no *sci. fa.* was ordered, and none asked for until

Finley *v.* Gaut.

1854. In the present case the complainant was prompt in asking for judgment *nisi,* and for an order for the issuance of a *sci. fa.* at the first term after the default. It was no neglect of the complainant, but that of the clerk and master, whose duty it was to issue the process, that the witness was not warned to appear. At the next term, as soon as he could act, the complainant renewed his application for an *alias scire facias,* or a review of the former order. It was never intended, even under the act of 1794, that the neglect of the clerk should operate to release recusant witnesses from liability for refusing to obey subpœnas. But the provision of the act of 1794, on which the decision in *Kincaid* v. *Rogers* was based, has not been carried into the Code. This relieves the question of all embarrassment.

The decree will be reversed with costs, and the cause remanded with leave to the witness to plead.